IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, on behalf of ) <br> ESTATE OF ROSA M. SMITH, ) <br>   ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> CEDAR CREST NURSING AND ) <br> REHABILITATION, *et al.*, ) <br>   ) <br> Defendants. ) | CIVIL ACTION NO.  2:08CV580-MEF <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction and Procedural History**

In this case, Peter J. Smith, on behalf of his mother, Rosa M. Smith, brings this wrongful death action against Cedar Crest Nursing and Rehabilitation, Michael Britton, Dr. Michael Reeves, Dr. Patel, and Nurses Mary Jackson and Chasity Smith.

On August 19, 2008, this court conducted a status conference.  During the proceeding, the plaintiff indicated that his mother did not have a will, that her estate has not been probated, and that he has been unable to find a lawyer.  The court reminded the plaintiff that an estate cannot represent itself, nor can it be represented by a non-lawyer.  The court subsequently entered an order staying the proceedings for 45 days to allow the plaintiff to probate the estate and/or find a lawyer to represent the mother's estate in this case.  On October 6, 2008, the plaintiff filed a motion for an extension of time to find an attorney. (Doc. No. 8.)  The plaintiff, however, did not state that probate of his mother's estate had

commenced.  Consequently, on October 14, 2008, this court ordered the plaintiff to show cause why this case should not be dismissed without prejudice because the case is not being prosecuted on behalf of the real party in interest under FED.R.CIV.P. 17(a)(1).  On October 29, 2008, the plaintiff filed a response, in which he stated that he planned to meet with a lawyer the following day, and attached evidentiary materials showing that he had paid taxes on his mother's property.  (Doc. No. 11.)  Upon consideration of the pleadings and evidentiary materials in this case, the court concludes that this case is due to be dismissed prior to service of process.

## II.  Discussion

In this wrongful death case, the plaintiff is not a real party in interest.  FED.R.CIV.P. 17(a)(1) requires that an action must be prosecuted in the name of the real party in interest.  Under certain circumstances, however, FED.R.CIV.P. 17(a)(1) allows certain persons, including an executor, an administrator, or a person authorized by statute, to bring suit in their own names.  Alabama's wrongful death statute provides that "[a] personal representative may commence an action and recover such damages . . . for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator could have commenced an action for such wrongful act, omission, or negligence if it had not caused death." ALA. CODE § 6-5-410.  In Alabama, a "personal representative" for purposes of the wrongful death statute is the executor or administrator of the injured testator or intestate. *Wright v. Woodley Manor Nursing Home*, No. 2:06cv1041-WKW, 2007 WL 841614, *3 (M.D. Ala. March 19, 2007) (citing *James v. Three Notch Medical Center*, 966 F. Supp. 1112

(M.D. Ala. 1997) ("the right to bring a wrongful death action is vested only in the person who has been appointed to represent the estate); *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1992); *Hatas v. Partin*, 175 So. 2d 759, 761 (1965)). Thus, a party who brings a wrongful death action without having been appointed executor or administrator does not qualify as a personal representative. *Wright*, *supra*.

During the status conference, the plaintiff admitted that he has not been appointed as an executor or administrator of his mother's estate. Thus, the plaintiff does not have standing to bring a wrongful death claim since he is not a "personal representative" as defined by Alabama law. Although the plaintiff submitted documentation indicating that he pays taxes on his mother's real property, there is no evidence demonstrating that he has been appointed as his mother's personal representative or that her estate has been probated. Despite being provided a reasonable time to do so, the plaintiff has neither pursued probate or found a lawyer to represent him and/or the decedent in this case.[1] The plaintiff must "actually be the duly appointed administrator or executor to claim 'personal representative' status." *Wright*, *supra*. Because the plaintiff is not a real party in interest as required by FED.R.CIV.P. 17(a)(1), the plaintiff's wrongful death claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failing to state a claim upon which relief may be granted.

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[1] The court likewise notes that the limitations period for filing a wrongful death claim expired on July 22, 2008, two years from the decedent's death. *See Wright*, 2007 WL 841614, *4 (M.D. Ala. March 19, 2007) (citing *Downtown Nursing Home v. Pool*, 375 So. 2d 465, 466 (Ala. 1979) (an amendment cannot substitute as party plaintiff a person who was the duly appointed administrator of the estate after the two year period had expired)).

be DISMISSED pursuant to 28 U.S.C. 1915(e)(2)(b)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before **February 2, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of January, 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE